IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH SOMERS,

      Petitioner,                         No. CIV S-05-1454 LKK DAD P

    vs.

TERESA A. SCHWARTZ, Warden,

      Respondent.               <u>ORDER</u>

_____/

        Petitioner is a state prisoner who was confined in California Medical Facility in Solano County when he filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California on June 28, 2005.[1] Although petitioner is incarcerated pursuant to a sentence imposed by the Los Angeles County Superior Court, the Northern District court transferred his habeas petition to the United States District Court for the Eastern District of California on the basis of petitioner's confinement in the Eastern District.[2]

        The court is required to examine a habeas petition to determine whether the pleading complies with the rules that govern such cases and whether the respondent should be

---

[1] Petitioner submitted the required filing fee along with his habeas petition.

[2] Petitioner is now confined in Avenal State Prison, Kings County, which is also located in the Eastern District but in the Fresno Division of the district.

1

required to file a response. Rules 2 & 4, Fed. R. Governing § 2254 Cases in the District Courts. A federal habeas petition "must substantially follow" either the form appended to the Federal Rules Governing § 2254 Cases or a form prescribed by a local district-court rule. Rule 2(d), Fed. R. Governing § 2254 Cases in the District Courts.

The habeas petition filed in the Northern District on June 28, 2005, is comprised of a 39-page typed petition for writ of habeas corpus, an 82-page typed memorandum of points and authorities, and a 194-page appendix that includes the transcripts of two parole consideration hearings, exhibits, and state court rulings on habeas petitions. The typed petition does not substantially follow any federal habeas petition form and does not state plainly such basic information as the specific parole decision petitioner is attacking and his federal grounds for relief. The court is unable to determine whether petitioner's claims have been exhausted, whether the federal petition was filed within the applicable statute of limitations, and whether the petitioner may be entitled to any relief in the district court. The petition will be dismissed with leave to file an amended petition on a standard form.

The court will provide petitioner with a standard form. Petitioner must complete all parts of the form. Because petitioner is attacking a parole denial rather than his conviction, he must answer the questions on the form as pertaining to the parole denial. Thus, petitioner must set forth the facts concerning his administrative appeal and his exhaustion of state court remedies relative to the parole denial rather than the facts concerning his appeal and exhaustion of state court remedies relative to his conviction. If additional space is required in order to provide a complete response to any question on the form, petitioner may continue the response on a page that follows the same format as the form page. Continuation pages must be clearly linked to the form by page number or question number. Petitioner must allege his grounds for relief on the form and must include for each claim a brief summary of supporting facts. A memorandum of points and authorities and other supporting documents may be attached to the petition form, but petitioner may not refer to the attachments in lieu of completing any part of the form.

The documents filed by petitioner in the Northern District are signed by Naomi Chairez on petitioner's behalf.  The Local Rules of Practice provide that "[a]ny individual who is representing himself or herself without an attorney must appear personally . . . and may not delegate that duty to any other individual."  Local Rule 83-183(a).  A party proceeding in propria persona must personally sign every document he submits to the court.  Local Rule 7-131(b).  All documents subsequently filed by petitioner in this court must be signed by petitioner.

After this matter was transferred to the Eastern District, petitioner filed a motion concerning access to the courts.  Petitioner states that he was transferred from California Medical Facility to Avenal State Prison on June 24, 2005, that his personal and legal property was not delivered to him until July 16, 2005, and that as of August 17, 2005, he had not been provided a "secured, safe, and accessible storage for his personal, legal property."  (Pet'r's Mot. filed Aug. 22, 2005, at unnumbered pages 2 & 4.)  Petitioner complains that lack of access to his legal papers, his typewriter, and appropriate supplies has rendered him incapable of participating in this litigation.  (Id. at unnumbered page 2.)  Petitioner states that he is disabled by a form of radial neuropathy in conjunction with bilateral carpal tunnel syndrome and that prison officials at Avenal State Prison are not accommodating his disability.  (Id. at unnumbered pages 2-4.)  Petitioner requests that the court appoint counsel to represent him or issue an order requiring prison officials to return his personal typewriter and provide a secure and accessible storage facility for his legal property.  (Id. at unnumbered page 3.)

Petitioner is informed that there currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Counsel may be appointed at any stage of the case "if the interests of justice so require."  18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice require appointment of counsel.  The court also finds that petitioner has not demonstrated that he will suffer irreparable injury if the court does not intervene with regard to his typewriter and legal property at this time.  If petitioner's concerns

have not been resolved by prison officials and petitioner has not sought relief through the prison grievance system, he should pursue all available administrative remedies. This court will accommodate petitioner by granting him as much time as he needs to comply with orders issued in this action.

Finally, the undersigned takes judicial notice of this court's own records. Those records reveal that petitioner previously filed a petition for writ of habeas corpus attacking the denial of a parole date in 2002. (Somers v. Schwartz, et al., case No. CIV S-04-0698 DFL KJM P, filed April 7, 2004.) It appears that the petition has been briefed and is submitted for decision. Petitioner has also filed a civil rights action in which he seeks an order enjoining Board of Prison Terms Commissioner M. Perez, Arnold Schwarzenegger, and the Board of Prison Terms from continued reliance on an unchanging factor in future hearings. (Somers v. Perez, et al., case No. CIV S-05-0741 MCE PAN P, filed Apr. 18, 2005.) The court has authorized service of the civil rights complaint on defendants Perez and Schwarzenegger, and documents for service were recently submitted. It is evident from the dockets for these two cases that petitioner has not been denied access to the courts, despite the fact that petitioner has filed at least three requests or motions in the civil rights case and at least five requests or motions in the habeas case concerning his typewriter and legal materials. Magistrate Judge Mueller has advised petitioner that the court's jurisdiction in a habeas case is limited to determining whether the petitioner is in custody in violation of the United States Constitution and that a habeas case is not the proper forum for adjudicating claims of retaliation and alleged violations of the Americans With Disabilities Act. (Order filed Nov. 21, 2005, in case No. CIV S-04-0698 DFL KJM P, at 2.) Magistrate Judge Mueller has also advised petitioner that all pleadings, motions, and other papers are to be signed by the party submitting them. (Order filed June 30, 2004, in case No. CIV S-04-0698 DFL KJM, at 1-2.) Petitioner is cautioned that sanctions may be imposed for filing inappropriate or duplicative requests and motions and for submitting documents he has not signed.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus transferred to this court on July 15, 2005, is dismissed with leave to amend;

2. Petitioner's August 22, 2005 motion for appointment of counsel or other relief is denied;

3. Petitioner is granted sixty days from the date of this order to file an amended petition on a standard habeas petition form; the amended petition must include the word "Amended" in front of the word "Petition" and must bear the case number assigned to this action, as that number is shown on the first page of this order; the amended petition must name as respondent the warden of the institution where petitioner is currently confined; and

4. The Clerk of the Court is directed to send petitioner a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; the Clerk shall remove the in forma pauperis application form and instructions from the habeas petition form.

DATED: March 29, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
some1454.115