1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11   KEITH SOMERS,

12             Petitioner,                    No. CIV S-05-1454 LKK DAD P

13        vs.

14   TERESA A. SCHWARTZ, Warden,

15             Respondent.              FINDINGS AND RECOMMENDATIONS

16   _____/

17             Petitioner, a state prisoner proceeding through counsel, has filed a second

18   amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 9, 2007, the

19   undersigned ordered respondent to file and serve a response to petitioner's petition.  On June 7,

20   2007, respondent moved to dismiss the petition on the ground that it is untimely under the one-

21   year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act

22   (AEDPA).  On August 8, 2007, petitioner filed a timely opposition to respondent's motion to

23   dismiss.  On August 22, 2007 respondent filed a reply.  On August 31, 2007, the undersigned

24   heard oral arguments on this matter.

25   /////

26   /////

**BACKGROUND**

On July 12, 1993, petitioner was convicted in Santa Monica Superior Court of second degree murder, gross vehicular manslaughter while intoxicated, eluding a police officer causing accident/injury or death, driving under the influence causing injury to more than one person, and driving under the influence. Petitioner is not contesting his underlying conviction. Rather, petitioner challenges the March 13, 2003 finding by the Board of Parole that he is unsuitable for parole. (Pet'r's Sec. Am. Pet. at 2-3.)

Petitioner claims that he filed the appropriate BPT 1040 appeal following his denial of parole, but the Board never ruled on the merits of the appeal. Instead, the Board sent petitioner an Appeal Screening Notice, explaining that it was dismissing his appeal as untimely. After several unsuccessful attempts to obtain clarification of the screening notice, petitioner assumed his administrative remedies had been exhausted and proceeded to exhaust his state habeas remedies. The Los Angeles County Superior Court denied his habeas petition on December 7, 2004. The California Court of Appeal for the Second Appellate District denied his petition on March 17, 2005. Finally, the California Supreme Court denied his petition on June 15, 2005. (Id. at 3-4.)

Petitioner filed his federal habeas petition on July 15, 2005, alleging the following seven grounds for relief: (1) he was denied his federally protected liberty interest in parole when the Board denied his parole on March 13, 2003; (2) the state court decisions upholding the Board's denial were both contrary to and an unreasonable application of Supreme Court law; (3) the Board's reliance on the commitment offense violates petitioner's due process rights, as the commitment offense has no predictive value in the face of his exemplary rehabilitation; (4) the "some evidence" standard utilized by the state courts is contrary to U.S. Supreme Court law; (5) the Board failed to acknowledge, and the state courts failed to give appropriate consideration to, the fact that the evidence does not support any of the unsuitability factors applicable to parole hearings; (6) the Board and state courts failed to give appropriate consideration to the fact that he

2

1   is suitable for parole under every applicable suitability factor governing parole decisions; and (7)

2   the Board has implemented a practice of denying parole to indeterminate-term prisoners which

3   has directly violated his due process rights.   (Id. at 4-6.)

4                                **RESPONDENT'S MOTION TO DISMISS**

5                  Respondent has filed a motion to dismiss on the grounds that this habeas petition

6   is time-barred under AEDPA.  (Resp't's Mot. to Dismiss at 5.)  Respondent argues that petitioner

7   filed his federal petition beyond the one-year statute of limitations set out in 28 U.S.C. §

8   2244(d)(1).  (Id. at 1.)  Accordingly, respondent contends that the court should dismiss this

9   action.  (Id. at 7.)

10                  Respondent argues that petitioner had one year to file his federal habeas petition

11  from the latest of "the date on which the factual predicate of the claim or claims presented could

12  have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The

13  Board found petitioner unsuitable for parole on March 13, 2003, and petitioner received a copy

14  of the Board's decision on May 7, 2003.  (Resp't's Mot. to Dismiss, Ex. 2.)  Petitioner had ninety

15  days to file an administrative appeal, challenging the Board's decision.  According to

16  respondent's calculation, the one-year limitations period on petitioner's federal habeas challenge

17  began to run no later than August 6, 2003, ninety days after May 7, 2003.  Petitioner therefore

18  had until August 7, 2004 to file his request for federal relief.  (Id. at 5.)

19                  Respondent acknowledges that the time during which a properly filed application

20  for state post-conviction or other collateral review with respect to the pertinent judgment or claim

21  is pending shall not be counted toward any period of limitation under AEDPA.  However,

22  respondent argues that, if the time period under the AEDPA statute of limitations has expired

23  before a petition is filed in state court, § 2244(d) does not allow the federal limitations period to

24  be revived.  (Resp't's Mot. to Dismiss at 5.)

25                  Respondent argues that, in this case, petitioner did not even begin the state court

26  review process until September 28, 2004, more than one year after the AEDPA statute of

1   limitations began to run on August 6, 2003.  (Resp't's Mot. to Dismiss, Ex. 3.)  According to

2   respondent, because the one-year AEDPA limitations period expired on August 7, 2004, the state

3   habeas petition filed by petitioner thereafter on September 28, 2004, does not toll or revive the

4   already expired limitations period.  (Id. at 6.)

5          Respondent argues that, even assuming the one-year statute of limitations did not

6   begin to run until September 26, 2003, the day after the Board of Parole screened petitioner's

7   appeal and dismissed it as untimely, petitioner's federal habeas petition is still time-barred.

8   Under respondent's alternative calculation, if the AEDPA statute of limitations began to run on

9   September 26, 2003, petitioner had until September 27, 2004 to seek federal habeas relief absent

10  any tolling.  Respondent points out, however, that petitioner did not file his first state habeas

11  petition until September 28, 2004, one day after the AEDPA statute of limitations had expired.

12  (Resp't's Mot. to Dismiss at 6.)   Under this alternative calculation, respondent argues, the state

13  habeas petition was filed by petitioner after the expiration of the AEDPA statute of limitations

14  and cannot operate so as to toll or revive the already expired federal limitations period.

15         Respondent concludes that petitioner's federal petition, filed on June 28, 2005, is

16  untimely and must be dismissed.  (Resp't's Mot. to Dismiss at 7.)

17                            **PETITIONER'S OPPOSITION**

18         Petitioner argues that respondent has failed to accurately portray the background

19  of this case.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.)  First, petitioner argues that the

20  Board's decision to deny him parole did not become final until June 11, 2003.  (Id. at 3;

21  Defilippis Decl., Ex. D.)  In this regard, petitioner's counsel points out that the transcript of

22  petitioner's March 13, 2003 parole hearing reflects that the "final date of decision" was June 11,

23  2003. (Defilippis Decl., Ex. D.)  Petitioner argues that at anytime before June 11, 2003, the

24  Board could have changed, reversed, or otherwise modified its March 13, 2003 proposed

25  decision.  Accordingly, petitioner's counsel argues, the ninety-day period within which an

26  /////

1    administrative appeal could have been filed did not start to run until June 11, 2003.  (Pet'r's

2    Opp'n to Resp't's Mot. to Dismiss at 3; Defilippis Decl., Ex. D.)

3             Petitioner's counsel argues that he submitted a timely administrative appeal on

4    petitioner's behalf on September 9, 2003, and Ms. Wanda Sims, the individual charged with

5    accepting such documents for the Board, received that appeal via facsimile transmission.

6    Petitioner's counsel advised Ms. Sims that the administrative appeal was timely because the

7    Board's hearing decision at issue was not final until June 11, 2003, and the administrative appeal

8    was filed the ninetieth day thereafter, on September 9, 2003.  (Pet'r's Opp'n to Resp't's Mot. to

9    Dismiss at 2; Defilippis Decl. at 2.)  According to petitioner's counsel, Ms. Sims advised him

10   that the Board's legal counsel, Mr. Dan Moeller, would be calling him to resolve the issue of

11   timeliness.  However, Mr. Moeller never did so.

12            On October 10, 2003, Ms. Sims sent petitioner's counsel an Appeals Screening

13   Notice.  The screening notice, signed by Ms. Sims, stated that the Board was returning the appeal

14   because it was untimely.   (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.)  In relevant part, the

15   screening notice provides:

16            You sent your appeal too late and did not explain why.  According
                 to your records, your latest parole consideration hearing was held
17            on 3/13/03, and you were denied parole suitability for one year.
                 The Department of Corrections CDC 128-G chrono shows that you
18            received your copy of the hearing transcript on 5/7/03.  Your
                 appeal was submitted on 9/9/03.  Pursuant to 15 CCR § 2052(c),
19            you had 90 days from the date you received written confirmation
                 (hearing transcript), in which to submit an appeal and you have
20            failed to meet the time limitations.  The appeal is dismissed as
                 untimely.

21

22   (Resp't's Mot. to Dismiss, Ex. 2.)

23            The same day that petitioner's counsel received the screening notice, he sent a

24   letter to the Board explaining that the administrative appeal was in fact timely.  The letter,

25   addressed to Ms. Sims, stated:

26   /////

5

I received a notice from your office regarding the BPT 1040 Appeal for the above named inmate, which stated that 'you sent your appeal to [sic] late and did not explain why.' This came as quite a shock to me, particularly since you and I had directly spoke regarding the timing of the filing of the appeal, and at the end of our conversation, you had told me that Dan Moeller would be calling me to resolve the issue.  Instead, I received your purported dismissal of the Appeal on the alleged ground that it was 'untimely.'

As I explained to you in our conversation, it is a fundamental rule that an appeal cannot be taken from a decision that is not final. [(citations omitted)] This Appeal did not become final until June 11, 2003.  Your notice says that the time to Appeal began to run on May 7, 2003.  However no appeal could be taken between May 7, 2003 and June 11, 2003, since the Decision Review Unit could have reversed, modified or otherwise altered the panel's decision at anytime up until the date on which it became final.  Once the decision became final the ninety days within which an appeal can be pursued began to run.  Thus, the Appeal was submitted on September 9, 2003, exactly the ninetieth day following the decision becoming final.  Accordingly, it is timely.

Please immediately reinstate the Appeal and have it processed as required by law[.] [P]lease advise me immediately regarding how you will be handing this issue.

(Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4; Defilippis Decl. at 2 & Ex. B.)  Ms. Sims advised petitioner's counsel that she forwarded the letter to Mr. Terry Farmer, the Board's chief legal counsel.  However, Mr. Farmer never contacted petitioner's counsel.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2; Defilippis Decl. at 2.)

Having not been contacted by Mr. Farmer, petitioner's counsel sent a letter directly to him on January 7, 2004.  He enclosed a copy of the October 10, 2003 letter and asked why the Board had not contacted him in conformity with prior representations.  The letter states:

I received notice from the Board regarding the BPT 1040 Appeal for the above named inmate, which stated that 'you sent your appeal to [sic] late and did not explain why.'  On October 10, 2003, I wrote to Wanda Sims and fully explained why the appeal was in fact timely filed within the 90 days of the final date of decision.  Ms. Sims advises that she forwarded my letter on to you, and my secretary, Naomi, left several messages with Wanda and your office, but we have not heard back from you.  I have enclosed another copy of my 10/10/03 letter for your review.

1

2

> Clearly, this appeal was timely filed, as the time frame cannot commence until the decision being appealed is final.  Thus, the Board should be considering this appeal on the merits.

3

4

5

6

> Please immediately advise as to how you will be handling this matter.  Since the Board is being given the opportunity to consider the appeal on the merits, if they will be treating this appeal as untimely, or if I do not hear from you in the next 10 business days, I will simply proceed with the habeas petition on the grounds that the administrative remedy has been exhausted.

7   (Defilippis Decl., Ex. C.)  Having received no response from Mr. Farmer, petitioner filed his first

8   state habeas petition and took the position that his administrative remedies had been exhausted.

9   (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3 & 6; Defilippis Decl. at 3 & Ex. C.)

10              Petitioner argues that, under the decision in <u>Redd v. McGrath</u>, 343 F.3d 1077 (9th

11   Cir. 2003), the AEDPA statute of limitations does not begin to run until the administrative

12   process is complete and the limitations period does not begin to run until after the final date that

13   a prisoner may file an administrative appeal.  Petitioner's counsel argues that if a prisoner files an

14   administrative appeal, the statute of limitations does not begin to run until the date on which the

15   final decision is personally served on the inmate.   (Pet'r's Opp'n to Resp't's Mot. to Dismiss at

16   4.)  Counsel argues that service of the Appeal Screening Notice on petitioner did not start the

17   statute of limitations clock because it was not a final decision on the merits that exhausted

18   petitioner's administrative remedies.  (<u>Id.</u>)  Indeed, petitioner argues, the screening notice

19   essentially directed his counsel to respond to the Board's initial determination that the appeal was

20   untimely.  In this regard, petitioner points out that the notice states "[y]ou sent your appeal too

21   late and did not explain why," suggesting petitioner should offer an explanation.  The same day

22   petitioner's counsel received the notice, he sent a letter to the Board explaining why the appeal

23   was in fact timely filed.  (<u>Id.</u> at 4-5.)

24              Petitioner argues that under the holding in <u>Redd</u>, he received notice of the

25   Board's final determination on his appeal no earlier than January 17, 2004, when it became clear

26   to him that the Board had no intention of responding to his October 10, 2003 and January 7, 2004

1  explanations of timeliness.  Petitioner notes that January 17, 2004, marks the  expiration of the

2  ten day response time he provided to the Board's legal counsel in his January 7, 2004 letter.

3  Accordingly, petitioner argues that the one-year limitations period under AEDPA had not expired

4  when he filed his first state habeas petition eight months later and that the filing of the state

5  petition served to toll the AEDPA statute of limitations.   (Pet'r's Opp'n to Resp't's Mot. to

6  Dismiss at 7.)

7              Petitioner also argues that, although the Los Angeles County Superior Court did

8  not file his first state habeas petition until September 28, 2004, the Clerk of that court received

9  the petition on September 24, 2004.  Accordingly, petitioner contends that the actual date that his

10  state court habeas petition was received, and therefore the date that tolling of the AEDPA statute

11  of limitations commenced, was September 24, 2004. (Pet'r's Opp'n to Resp't's Mot. to Dismiss

12  at 3; Defilippis Decl., Ex. E.)  Under petitioner's statute of limitations calculation, the AEDPA

13  statute of limitations ran from January 17, 2004 until September 24, 2004.  Thereafter, he is

14  entitled to statutory tolling from the September 24, 2004 filing of his first state habeas petition

15  with the Superior Court to the June 15, 2005 denial of his habeas petition by the California

16  Supreme Court.  Only thirteen days ran thereafter before petitioner filed his federal habeas

17  petition on June 28, 2005. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 7.)  Under this

18  calculation, the pending federal petition was filed over three months before the AEDPA statute

19  of limitations expired.  Accordingly, petitioner argues that respondent's motion to dismiss should be

20  denied. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 8.)

21                                              **RESPONDENT'S REPLY**

22              In reply, respondent reiterates that the one-year limitation period for the filing of

23  petitioner's federal habeas challenge to the Board's decision began to run no later than

24  September 26, 2003, the day after the Board screened his untimely appeal.  (Resp't's Reply at 1-

25  2.)  Respondent reiterates that because petitioner did not file his first state court petition until

26  /////

1  September 28, 2004, the AEDPA statute of limitations had expired before any tolling could apply

2  and therefore his federal petition is untimely.  (Id. at 2.)

3          Respondent contends that the Ninth Circuit has held that the AEDPA limitation

4  period begins running the day after the prisoner receives timely notice of the Board's denial of

5  the prisoner's appeal.  Moreover, respondent argues that petitioner's counsel knew on September

6  9, 2003, the day he filed the late appeal, that the Board intended to deny that appeal as untimely.

7  Respondent contends that petitioner's counsel could have discovered through the exercise of due

8  diligence on or before September 25, 2003, that the administrative appeals process had ended.

9  Accordingly, respondent concludes that the AEDPA statute of limitations began to run on

10  September 26, 2003.  (Resp't's Reply at 2.)  Respondent also argues that petitioner's first state

11  court petition was file stamped by the Los Angeles County Superior Court on September 28,

12  2004 and that there is no persuasive evidence that the appropriate clerk received petitioner's

13  petition before that date.  (Resp't's Reply at 2-3.)

14          Finally, respondent argues that even if his state habeas petition was filed on

15  September 24, 2004, as petitioner contends, his federal petition is still untimely.  In this regard,

16  respondent calculates that the AEDPA statute of limitations ran from September 26, 2003 until

17  the state habeas was allegedly received on September 24, 2004.  That left petitioner with, at

18  most, four days remaining under the AEDPA statute of limitations.  Petitioner's final state habeas

19  petition was denied on June 15, 2005, but he did not file his federal petition until June 28, 2005,

20  several days after the statute of limitations had expired.  (Id. at 3.)

21                                          **ANALYSIS**

22  I.  The AEDPA Statute of Limitations

23          On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

24  by adding the following provision:

25  /////

26  /////

    (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to petitioner's June 28, 2005 petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(D)

    The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment."  Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd, 343 F.3d at 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions).  When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83.  Under

1  § 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of

2  the claim or claims presented could have been discovered through the exercise of due diligence."

3  28 U.S.C. § 2244(d)(1)(D).

4          In Redd, a California state prisoner challenged the parole board's determination

5  that he was unsuitable for parole.  The district court dismissed the prisoner's federal habeas

6  petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's

7  denial of Redd's administrative appeal on December 7, 1998, and that the limitations period

8  began to run on the following day."  Redd, 343 F.3d at 1080.  The Ninth Circuit affirmed,

9  explaining that the date of the factual predicate was to be determined "by inquiring when Redd

10  could have learned of the factual basis for his claim through the exercise of due diligence."

11  Redd, 343 F.3d at 1082.  The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's
> habeas claims was the Board's denial of his administrative appeal
> on December 7, 1998.  Redd does not dispute that he received
> notice of the Board's decision on December 7.  The limitations
> period therefore began to run the following day.

15  Id.

16          The Ninth Circuit also noted in Redd that four other federal courts of appeals had

17  held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of

18  administrative bodies such as parole and disciplinary boards.  Id. at 1082 n.8 (citing Wade v.

19  Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d

20  274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v.

21  Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)).  The Ninth Circuit observed that three of those four

22  courts had decided that the AEDPA statute of limitations begins running in such cases on the

23  date the administrative decision becomes final.  Id. at 1084 (citing Wade, Cook, and Burger).[1]

24

25      [1]  Only the Fifth Circuit has held that the limitations period begins to run "when the initial
administrative decision is made, before any administrative appeals."  Redd, 343 F.3d at 1084 n.11

26  (citing Kimbrell, 311 F.3d at 363-64).

1    Subsequently, the Ninth Circuit decided what it had assumed in <u>Redd</u>:

2    § 2244's one-year limitation period applies to all habeas petitions
     filed by persons in 'custody pursuant to the judgment of a State
3    court,' even if the petition challenges a pertinent administrative
     decision rather than a state court judgment.
4

5  <u>Shelby</u>, 391 F.3d at 1062-63 (citation omitted).  The Ninth Circuit again cited the decisions in

6  <u>Cook</u>, <u>Wade</u>, and <u>Kimbrell</u>, finding them consistent with the language of AEDPA, rules of

7  statutory construction, and purposes of the AEDPA.  <u>Id.</u> at 1063.  The court considered and

8  rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting

9  administrative decisions.  <u>Id.</u> at 1063-65 (discussing <u>Cox v. McBride</u>, 279 F.3d 492, 493-94 (7th

10 Cir. 2002)).  The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as

11 untimely because he had challenged a prison disciplinary decision that resulted in loss of good

12 time credits but failed to file his federal petition within a year after his administrative appeal was

13 denied.  <u>Id.</u> at 1062.

14    In <u>Shelby</u>, it was undisputed that the petitioner's disciplinary decision became

15 final on July 12, 2001, and the district court therefore concluded that the petitioner had until July

16 12, 2002, to file his federal habeas petition.  <u>Id.</u> at 1065-66.  On appeal, the petitioner argued that,

17 if the one-year statute of  limitations applied, his case should be remanded for a finding as to the

18 date he discovered or could have discovered the agency's final action.  <u>Id.</u> 1066.  The court

19 concluded that "[h]ere, as in <u>Redd</u>, Shelby does not dispute that he received timely notice of the

20 denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary."

21 <u>Id.</u>  On this record, the Ninth Circuit held that the petitioner's statute of limitations began to run

22 on July 13, 2001, and expired on July 12, 2002, almost six months before he filed his federal

23 habeas petition.  <u>Id.</u>

24    Applying the holdings of <u>Shelby</u> and <u>Redd</u>, as is required, this court must

25 determine when petitioner could have learned of the factual basis for his claims through the

26 exercise of due diligence.  <u>See</u> <u>Shelby</u>, 391 F.3d at 106; <u>Redd</u>, 343 F.3d at 1082 & 1084.  The

"factual predicate" for habeas challenges of parole board decisions is the day the administrative decision becomes final, subject to the petitioner receiving proper notice. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1084; Burger, 317 F.3d at 1138.

In this case, the evidence establishes that the Board conducted a parole hearing on March 13, 2003 and found petitioner unsuitable for parole. Petitioner received a copy of the hearing transcript and decision on May 7, 2003. The "final date of decision" listed on the parole hearing transcript is June 11, 2003. (Defilippis Decl., Ex. D.) Accordingly, at that time petitioner had ninety days from the final decision of June 11, 2003 to appeal. See Cal. Code Regs., tit. 15 § 2052(c).

Petitioner timely appealed the decision on September 9, 2003, but on October 10, 2003, he received an Appeal Screening Notice from the Board, stating that it was dismissing his appeal as untimely. (Defilippis Decl. at 2, Ex. B.) The court finds that October 10, 2003, the date petitioner's counsel received the screening notice rejecting his appeal, is the earliest "date on which the factual predicate of the claim or claims presented could have been discovered."[2] 28 U.S.C. § 2244(d)(1)(D). Respondent does not offer any persuasive evidence that petitioner could have learned of the final administrative decision any earlier. Accordingly, at the earliest and absent any tolling, petitioner had one year from October 11, 2003 to file his federal petition. Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same).

/////

---

[2] It also appears that the Board's Appeal Screening Notice was in error. As noted above, the "final date of decision" reflected in the parole hearing transcript was June 11, 2003. (Defilippis Decl., Ex. D.). Petitioner timely filed a timely administrative appeal within ninety days thereafter on September 9, 2003. In light of the erroneous rejection of the appeal by the Parole Board and the confusion caused thereby, at the very least petitioner would be entitled to equitable tolling of the statute of limitations for some period of time since he was diligently pursuing his rights and the Board's erroneous action would qualify as an extraordinary circumstance that stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, (2005). In any event, for the reasons set forth above, the federal petition was timely filed.

1       As both parties recognize, "[t]he time during which a properly filed application

2   for state post-conviction or other collateral review with respect to the pertinent judgment or claim

3   is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. §

4   2244(d)(2).  Here, the court finds that the one-year limitation period was tolled from the time

5   petitioner filed his first state habeas petition on September 24, 2004, until the California Supreme

6   Court denied petitioner's habeas challenge to the Board's decision on June 15, 2005.  Carey v.

7   Saffold, 536 U.S. 214, 222-24 (2002) (a state habeas petition is "pending" during a full round of

8   review in the state courts, including the time between a lower court decision and the filing of a

9   new petition in a higher court, as long as the intervals between petitions are "reasonable").

10      Thus, the one-year AEDPA statute of limitations ran for 349 days from October

11  11, 2003 until September 24, 2004 when the statute was tolled until June 15, 2005.  The statute

12  began to run again on June 16, 2005 for 12 days until petitioner filed his federal petition on June

13  28, 2005.  Because less than one year had run on the statute of limitations, 361 days to be exact,

14  petitioner's federal habeas petition was timely filed.  Accordingly, respondent's motion to

15  dismiss should be denied.

16                              **CONCLUSION**

17      IT IS HEREBY RECOMMENDED that:

18      1.  Respondent's June 7, 2007 motion to dismiss be denied; and

19      2.  Respondent be directed to file an answer to petitioner's second amended

20  habeas petition within thirty days from the date of this order.  See Rule 4, Fed. R. Governing §

21  2254 Cases.  The answer shall be accompanied by all transcripts and other documents relevant to

22  the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases; petitioner's

23  reply, if any, shall be filed and served within thirty days after service of the answer.

24      These findings and recommendations are submitted to the United States District

25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26  days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within ten days after service of the objections.  The parties are advised

4  that failure to file objections within the specified time may waive the right to appeal the District

5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED: October 4, 2007.

7

8  _____

9  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

10  DAD:9
    some1454.157

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26