IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SOMERS,<br><br>                  Petitioner,<br><br>     vs.<br><br>KATHLEEN DICKINSON, Warden (A),<br>California Medical Facility,<br><br>                  Respondent. | No. 2:05-cv-01454-JKS<br><br>ORDER |

      At Docket No. 41 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  Respondent concurs that this matter should be stayed.  Docket No. 43.  At Docket No. 42 Petitioner Keith Somers, a state prisoner appearing through counsel, opposed staying this matter.

      In his amended petition Somers presents essentially a single ground:  his due process rights were violated  because the parole board denied him parole based solely on the facts of the underlying conviction.  In opposing entry of an order staying this action, Somers contends that delay awaiting the decision in *Hayward* will cause him irreparable injury, *i.e.*, continued wrongful imprisonment.

      This Court is not unmindful of the decision of the California Supreme Court in *In re Lawrence*,[1] which strongly supports Somers's position.  This Court cannot, however, grant relief unless the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the

---

[1] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

evidence presented in the State court proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4]  Whatever view the California Supreme Court may have construing Federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[5]

The law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from "well settled."  Squarely before the en banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[6] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be, the *Federal law* of the circuit.  Whatever the decision reached in *Hayward* may be, this Court will be bound by that decision,[7] not the decision of the California Supreme Court in *Lawrence*.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Somers.  On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*.

---

[2] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[3] *Williams v. Taylor*, 529 U.S. at 412.

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[5] The Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes.  It does not appear from the opinion or the authorities cited that it was based upon Federal law as determined by the United States Supreme Court.

[6] 334 F.3d 910, 916–17 (9th Cir. 2003).

[7] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir.2003) (en banc).

**IT IS THEREFORE ORDERED THAT** this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

**IT IS FURTHER ORDERED THAT**, should the Petitioner be granted parole, not later than 30 days after the decision of the Board of Parole Hearings becomes effective, Respondent is directed to inform the Court of the action of the Board and the date Petitioner is scheduled to be released on parole.

Dated:  September 23, 2009.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge