IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SOMERS,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>KEN CLARK,[1] Warden, California Substance Abuse Treatment Facility and State Prison, Corcoran,<br><br>　　　　　　　Respondent. | No. 2:05-cv-01454-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 46] |

I.  MOTION PRESENTED

　　　　Petitioner, Keith Somers, a state prisoner appearing through counsel, filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  At Docket No. 46, Respondent has moved this Court to dismiss the petition as moot.  Somers, has opposed the motion.  In his motion, Respondent contends that the grant of parole and the Governor's decision not to review that grant render this matter moot and the petition should be dismissed.  In his opposition to the motion, Somers contends that the Board of Parole Hearings ("Board") misapplied California law in setting his release date, thereby leaving matters for this Court to decide.  Therefore, Somers argues the matter is not moot.  Somers is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California Substance Abuse Treatment Facility and State Prison, Corcoran.

---

　　　　[1] Ken Clark, Warden, California Substance Abuse Treatment Facility and State Prison, Corcoran, is substituted for Kathleen Dickinson, Warden (A), California Medical Facility.  Fed. R. Civ. P. 25(d).

## II. BACKGROUND/PRIOR PROCEEDINGS

After a jury trial, Somers was convicted of one count each of Murder in the Second Degree (Cal. Penal Code § 187(a)), Gross Vehicular Manslaughter While Intoxicated (Cal. Penal Code § 191.5(a)), Evading an Officer (Cal. Vehicle Code § 2800.3), Driving Under the Influence/Injury (Cal. Vehicle Code § 23153(A)), and Driving Under the Influence (Cal. Penal Code § 23253(B)).  Somers was sentenced to a prison term of 15 years to life on the murder conviction, six years on the gross vehicular manslaughter charge, three years on the evading an officer conviction, and two years on each of the driving under the influence convictions.  All terms were to be served concurrently.  Somers does not challenge his conviction and sentence.

In his petition, Somers challenges the action of the Board in denying him parole in 2003. After the pleadings were complete and the issues joined, this Court stayed further proceedings in this action pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  Respondent was also ordered to inform this Court should Somers be granted parole.  In compliance with this Court's order, Respondent has advised this Court that the Board has found Somers suitable for parole, set his parole date, and the Governor has declined to exercise his authority to review that decision.

## III. ISSUE PRESENTED

Respondent contends that, in light of the fact that the Board found Somers suitable for parole, set his parole date, and that the Governor has declined to exercise his statutory authority to review that determination, there is no further effective relief that this Court may grant in this case.  Somers counters that the Board erred in determining and setting his release date; therefore,

there are issues remaining to be resolved in order for Somers to be granted complete relief. The sole issue before this Court is whether, in light of the action by the Board and the Governor, there is any remaining effective relief that this Court may grant.

## IV.  STANDARD APPLIED

Federal courts lack jurisdiction to consider moot claims.[2]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[3]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[4]

## V.  DISCUSSION

Somers contends that, although the Board granted him parole and set a release date, the Board erred in setting his release date. First, Somers argues that the Board applied the wrong category under the applicable California regulation:[5] the Board should have used a matrix of 17-18-19 years instead of the 19-20-21 years that was used. Somers also argues that the Board improperly selected the upper term rather than the mid-term despite a prior state court holding that the mid-term was appropriate. Finally, Somers argues that the Board improperly added one-half of his concurrent sentence time for the alternative counts as consecutive time, adding three years for the vehicular manslaughter conviction and one and one-half years for the evading-an-officer conviction. Thus, according to Somers, his correct release date should have been

---

[2] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[3] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[4] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[5] Cal. Code Regs, title 15, § 2403(c).

3

calculated as 18 years instead of the 25½ years calculated by the Board. Consequently, Somers argues, his release date is past and he should be released immediately.[6]

In arguing against dismissal, Somers correctly points out that he has not been given complete relief, *i.e.*, he has not yet been released from custody. Somers contends that although his suitability for parole has been resolved, there remains a controversy to be resolved—the term. Somers requests that this matter be remanded to the Board to set a term that would then be reviewable, and hence, correctable by this Court, citing two California Court of Appeal decisions to support his position.

The problem this Court faces is the constraints under which it may grant relief. First, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7]

Second, this Court may not consider claims that have not been fairly presented to the state courts.[8] As presented to this Court in his petition and as ruled on by the California courts, the

---

[6] According to Somers, as calculated by the Board, Somers's release date will not occur until sometime in 2014. The record before this Court does not contain the determination of the Board. For the purposes of ruling on this motion, the Court assumes that this factual allegation made by Somers is correct.

[7] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[8] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

issue was whether the Board had denied him due process of law by relying on the nature of the underlying conviction in denying him parole. The issue of when Somers was to be paroled, *i.e.*, the setting of a parole date, had not yet been determined by the Board and was not presented to the California Courts.

Third, to the extent that Somers raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[9] Federal courts may only intervene in the state criminal process to correct wrongs of a constitutional dimension.[10]

The relief requested by Somers is foreclosed by all three of these restrictions on granting federal habeas relief. The factual and legal bases for the issues raised in Somers's opposition have never been presented to any state court. Consequently, they are unexhausted. The issues raised are strictly confined to the proper interpretation and application of state law, which are beyond the purview of this Court in these proceedings. Somers raises no issue of constitutional dimension, let alone one that is contrary to clearly established federal law as established by the Supreme Court. There is no substantial federal constitutional issue remaining to be resolved by

---

[9] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[10] *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

this Court or upon which this Court could grant Somers relief. To rule on the issue presented in the petition, this Court would be doing nothing more than rendering an advisory opinion, which it may not do. Somers's proper avenue for relief, if any is available, lies in the California state courts, not a federal court.

## VI.  CONCLUSION/ORDER

There being no basis upon which this Court can grant effective relief, the matter is moot.[11] Accordingly,

**IT IS THEREFORE ORDERED THAT** the motion to dismiss the petition at **Docket No. 46** is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[12] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[13]

The Clerk of the Court is to enter final judgment accordingly.

Dated:  April 8, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[11] *See American Casualty Co. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (stating that a case is moot if there is no "present controversy as to which effective relief can be granted.").

[12] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[13] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.